FILED

2003 OCT 23 A 9:05

US DIST...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OSCAR YCAZA : | |
|    Plaintiff : | CIVIL ACTION NO. |
| : | 3-02-cv-949 (JCH) |
| v. : | |
| : | |
| CT TRANSIT-STAMFORD DIVISION : | OCTOBER 22, 2003 |
|    Defendant : | |

**RULING ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20]**

The defendant, Connecticut Transit - Stamford Division, filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on June 30, 2003. The motion was docketed on July 1, 2003, and certified as having been mailed to counsel for the plaintiff on June 30, 2003. Accordingly, under the Federal Rules, opposition to the motion was due no later than July 25, 2003. To date, no opposition has been received.

The court has reviewed the motion and memorandum filed in support, together with the Local Rule 56(a)1 statement and three supporting Affidavits [Dkt. Nos. 23-25]. Based upon the court's review of these pleadings, the court concludes that summary judgment should enter.

**I.   BACKGROUND**

In this case, the plaintiff seeks back pay allegedly due to him for a period of time when he was suspended by his employer, defendant Connecticut Transit, because of a

pending complaint against Mr. Ycaza for sexual harassment. A collective bargaining agreement ("Agreement") between Connecticut Transit and Mr. Ycaza's union, the Amalgamated Transit Union, covered the terms of Mr. Ycaza's pay and benefits. Pending the investigation of that complaint, the defendant suspended the plaintiff without pay. During the investigation, representatives of the defendant met with Mr. Ycaza and explained that, if he were found not guilty of sexual harassment, he would be reinstated to his position and paid for lost time, pursuant to section 34(n) of the Agreement. However, because the defendant apparently thought that the plaintiff had voluntarily resigned, no finding was ever made by Connecticut Transit that Mr. Ycaza was "not guilty" of the complaint. In light of that, Mr. Ycaza was entitled to reinstatement of pay under section 34(n) of the Agreement.

The Agreement provides, at section 84(d): "An employee who has been discharged, suspended or otherwise disciplined may file a grievance within 10 days of the date of the final decision of the company representative imposing the discipline." There is no evidence on the record before this court that Mr. Ycaza ever filed a grievance concerning the circumstances surrounding his suspension, seeking pay allegedly due him during the suspension, or asserting any right he allegedly had to be reinstated.

Instead, Mr. Ycaza filed suit in Connecticut state court on May 3, 2002, alleging a claim for back wages under Conn. Gen. Stat. § 31-72. Connecticut Transit removed the

case to this court on June 3, 2002, arguing that plaintiff's cause of action was in fact preempted by the Labor Management Relations Act ("LMRA").

## II. DISCUSSION

The defendant argues that Mr. Ycaza's state law claims are preempted by section 301 of the LMRA, and based on the undisputed facts on the record before this court, the court agrees. The state statute under which the plaintiff asserts his claims, Conn. Gen. Stat. § 31-72, does not create a substantive right in the plaintiff, but rather provides remedial protection in the event that the underlying contract between employer and employee for wages is violated. Mytych v. May Dept. Stores, 793 A.2d 1068, 1073 (Conn. 2002). In order to determine whether the plaintiff is entitled to relief, the court would have to construe the Agreement. That construction is encompassed exclusively by the LMRA. As a result, Section 301 preempts Ycaza's claims for wages and benefits. See, e.g., Wheeler v. Graco Trucking Corp., 985 F.2d 108, 112 (3d Cir. 1993).

Furthermore, any Section 301 claim that Mr. Ycaza has is time-barred. As the Supreme Court stated in DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983), hybrid claims under Section 301 against an employer for breach of a collective bargaining agreement are subject to the six month time limit of section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). "The mere presence of an arbitration clause is sufficient to render an employee's claim a hybrid claim and subject it to a six

month statute of limitation." <u>United Auto, Aerospace and Agricultural Implement Workers v. R.E. Dietz Co.</u>, 996 F.2d 592, 596 (2d Cir. 1993) (citing <u>McKee v. Transco Products</u>, 874 F.2d 83, 87 (2d Cir. 1989). In this case, the Agreement calls for final and binding arbitration in Section 84(g).

The six-month period begins to run when the plaintiff "discovers, or in the exercise of reasonable diligence, should have discovered, the acts constituting the breach of duty." <u>Wilhelm v. Sunrise Northeast</u>, 923 F. Supp. 330, 337 (D. Conn. 1995). Mr. Ycaza was suspended without pay on October 24, 2000, and did not file his complaint until May 3, 2002. Mr. Ycaza, in the exercise of reasonable diligence, should have discovered the basis of his claim well within the next year. As a result, the time gap of over one and one-half years between his suspension and his complaint is too great, and his Section 301 claims are time-barred.

Finally, Mr. Ycaza's claims are also barred because he failed to exhaust the remedies available to him under his Agreement. The plaintiff must exhaust available grievance procedures before bringing a Section 301 claim. <u>See Wheeler</u>, 985 F.2d at 112; <u>Dougherty v. Am. Tel. & Tel. Co.</u>, 902 F.2d 201, 203 (2d Cir. 1990). "Federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." <u>Republic Steel Corp. v. Maddox</u>, 379 U.S. 650, 652 (1965). "Unless

the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf." Id.

## III.   CONCLUSION

For all the foregoing reasons, and in the absence of opposition, the court grants the defendant's motion for summary judgment.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 22nd day of October, 2003.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge